## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CIERRA WATKINS,**

     **Plaintiff,**

**v.**                                                                                 **Case No:**

**ONEMAIN FINANCIAL GROUP, LLC**,

     **Defendant.**                                           **DEMAND FOR JURY TRIAL**
_____/

## PLAINTIFF'S COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **CIERRA WATKINS** ("Ms. Watkins" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, ONEMAIN FINANCIAL GROUP, LLC** ("Defendant"), and in support thereof states as follows:

### *Introduction*

1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such debt using an automatic telephone dialing system, artificial voice, or prerecorded message to call Ms. Watkins' cellular telephone after Ms. Watkins demanded that Defendant stop calling her, which can reasonably be expected to harass Ms. Watkins.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3.      Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5.      Plaintiff, Ms. Watkins, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.      Ms. Watkins is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-2211 ("Ms. Watkins' Cellular Telephone").

7.      At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of MD and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

### *Statements of Fact*

8.      Ms. Watkins and her ex-husband co-signed for a personal loan with Defendant, which opened an account for their personal use ("Account").

9.      Ms. Watkins and her ex-husband thereafter divorced.

10.    Ms. Watkins' ex-husband eventually defaulted on the Account and incurred an outstanding balance owed thereunder ("Debt").

11.    In or around May of 2018, Defendant began placing calls to Ms. Watkins' Cellular Telephone in attempts to collect the Debt.

12.    Ms. Watkins spoke to a representative of Defendant in May of 2018 and explained that she was not responsible for her ex-husbands Debt so Defendant needed to stop calling Ms. Watkins' Cellular Telephone and call Ms. Watkins' ex-husband instead.

13.    In response, the Defendant's representative told Ms. Watkins that the calls to her Cellular Telephone will continue unless she pays the Debt.

14.    On or around July 16, 2018, Ms. Watkins spoke to a representative of Defendant and again demanded that it stop calling her Cellular Telephone.

15.    Despite Ms. Watkins' repeated demands, Defendant has continued to place calls to Ms. Watkins' Cellular Telephone in attempts to collect the Debt.

16.    Defendant has called Ms. Watkins' Cellular Telephone at least fifty (50) times from May 2018 to the present date.

17.    Defendant has called Ms. Watkins' Cellular Telephone the telephone number: 813-985-4511.

18.    Defendant called Ms. Watkins Cellular Telephone up to four (4) times in a single day.

19.    Defendant's calls have harassed Ms. Watkins to the timing and frequency of Defendants call's to Ms. Watkins' Cellular Telephone.

20.    All of Defendant's calls to Ms. Watkins' Cellular Telephone were placed in an attempt to collect the Debt.

## *Count 1: Violation of the Telephone Consumer Protection Act*

21.     Ms. Watkins re-alleges paragraphs 1-20 and incorporates the same herein by reference.

22.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

23.     Ms. Watkins revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around May of 2018 when she expressly told Defendant to stop calling her and that she did not owe a debt.

24.     Ms. Watkins revoked consent again for Defendant to call her Cellular Telephone on or around July 16, 2018.

25.     Despite Ms. Watkins' revocations of consent, Defendant thereafter called Ms. Watkins' Cellular Telephone at least fifty (50) times.

26.     Defendant did not place any emergency calls to Ms. Watkins' Cellular Telephone.

27.     Defendant willfully and knowingly placed non-emergency calls to Ms. Watkins' Cellular Telephone.

28.     Ms. Watkins knew that Defendant called Ms. Watkins' Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few

calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

29.     Ms. Watkins knew that Defendant called Ms. Watkins' Cellular Telephone using a prerecorded voice because Defendant left Ms. Watkins at least one voicemail using a prerecorded voice.

30.     Defendant used an ATDS when it placed at least one call to Ms. Watkins' Cellular Telephone.

31.     Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Watkins' Cellular Telephone.

32.     Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Watkins' Cellular Telephone.

33.     Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Watkins' Cellular Telephone.

34.     At least one call that Defendant placed to Ms. Watkins' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

35.     At least one call that Defendant placed to Ms. Watkins' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

36.     At least one call that Defendant placed to Ms. Watkins' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

37.     At least one call that Defendant placed to Ms. Watkins' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

38.     At least one call that Defendant placed to Ms. Watkins' Cellular Telephone was made using a prerecorded voice.

39.     Defendant has recorded at least one conversation with Ms. Watkins.

40.     Defendant has recorded more than one conversation with Ms. Watkins.

41.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Watkins, for its financial gain.

42.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Watkins' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

43.     The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Watkins, despite individuals like Ms. Watkins revoking any consent that Defendant believes it may have to place such calls.

44.     Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Watkins' Cellular Telephone.

45.     Defendant's phone calls harmed Ms. Watkins by trespassing upon and interfering with Ms. Watkins' rights and interests in her Cellular Telephone line.

46.     Defendant's phone calls harmed Ms. Watkins by causing her emotional distress.

47.     Defendant's phone calls harmed Ms. Watkins by wasting her time.

48.     Defendant's phone calls harmed Ms. Watkins by being a nuisance and causing her aggravation.

49.     Defendant's phone calls harmed Ms. Watkins by causing a risk of personal injury to Ms. Watkins due to interruption and distraction.

50.     Defendant's phone calls harmed Ms. Watkins by invading her privacy.

51.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.   Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b.   Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c.   Awarding Plaintiff costs;

d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

e.   Any other and further relief as this Court deems equitable.

## ***Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")***

52.     Ms. Watkins re-alleges paragraphs 1-20 and incorporates the same herein by reference.

53.     Defendant violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

   a.   Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Watkins' Cellular Telephone despite Ms. Watkins' repeated demands that Defendant cease its calls, which can reasonably be expected to harass Ms. Watkins.

54.     As a result of the above violations of the FCCPA, Ms. Watkins has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

55.     Defendant's actions have damaged Ms. Watkins by invading her privacy.

56.     Defendant's actions have damaged Ms. Watkins by causing her embarrassment.

57.     Defendant's actions have damaged Ms. Watkins by causing her stress.

58.     Defendant's actions have damaged Ms. Watkins by causing her aggravation.

59.     It has been necessary for Ms. Watkins to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

60.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.  Awarding statutory damages as provided by §559.77, Fla. Stat.;

b.  Awarding actual damages;

c.  Awarding punitive damages;

d.  Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

f.  Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **CIERRA WATKINS**, demands a trial by jury on all issues so triable.


Respectfully submitted this **September 24, 2018**,

> */s/ Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Florida Bar No. 74864
> mike@zieglerlawoffice.com
>
> */s/ Kaelyn Steinkraus*
> Kaelyn Steinkraus, Esq.
> Florida Bar No. 125132
> kaelyn@zieglerlawoffice.com
>
> Law Office of Michael A. Ziegler, P.L.
> 13575 58th Street North, Suite 129
> Clearwater, FL 33760
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> Attorneys and Trial Counsel for Plaintiff