**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CIERRA WATKINS,** **CASE NO. 8:18-CV-02370-JSM-JSS**

**Plaintiff,**

**v.**

**ONEMAIN FINANCIAL GROUP, LLC,**

**Defendant.**
**_______________________________________/**

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This lawsuit is currently pending, and it appears that any discovery will involve the disclosure of personal, confidential, trade secret, proprietary, technical, business and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material"). Accordingly, it appearing that all of the parties agree to and consent to this Confidentiality Agreement and Protective Order (henceforth “Order”), and for good cause, it is further AGREED AS FOLLOWS:

1. All confidential information in this case shall be used solely for the purpose of this case, including any related arbitration proceeding, and for no other purpose. In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other litigation, other than in conjunction with prosecuting or defending this litigation.

2. If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be

disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" shall be made in good faith.

3. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

4. The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential. All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party.

5. The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition. If testimony is designated as "CONFIDENTIAL," the designating party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than 30 days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record.

6. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court and/or Arbitrator, the trier of fact, the parties, their attorneys, witnesses or potential witnesses and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity. As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice is being or will be used in connection with this litigation, either in preparation for trial or in the trial itself.

7. If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" by the other party to any person, other than the Court and/or Arbitrator, the trier of fact, or a party, such as to a person assisting counsel or to any witness, potential witness and/or expert witness, the attorney or party shall first give a copy of this Order to such person, who shall read this Order, be fully familiar with its provisions, and execute the attached affirmation.

8. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

9. The Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

10. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court and/or Arbitrator for an order denying confidential treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

11. Before filing any information that has been designated "CONFIDENTIAL" with the court and/or arbitration tribunal, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials with notice served upon the producing party. The filing of the materials under seal shall not be binding, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the court and/or arbitration tribunal a Motion to Seal the documents designated "CONFIDENTIAL."

12. After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Order or any other order of the Court and/or Arbitrator. Further, all documents designated as "CONFIDENTIAL," including all

copies which may have been disclosed to expert witnesses, shall be returned to the party producing it or destroyed.

13. This Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege. Further, the provisions of this Order shall not affect the admissibility of evidence at the trial or any preliminary evidentiary proceeding, except as directed by separate order entered for good cause shown.

14. This Order may be submitted to the Court and/or Arbitrator for signature as an Order. Notwithstanding the foregoing, the failure to submit this Order to the Court and/or Arbitrator to be "so entered" shall not impair or defeat the effectiveness or binding nature of this Order as an agreement between the parties. Likewise, the failure of the Court and/or Arbitrator to adopt the Order shall not impair or defeat the effectiveness or binding nature of this Order as an agreement between the parties.

15. Nothing in this Order shall preclude any of the parties from otherwise seeking a modification of this Order.

**[SIGNATURES ON FOLLOWING PAGES]**

Agreed to this 30th day of October, 2018.

*/s/David A. Elliott*
David A. Elliott, Esq.
Email:delliott@burr.com; tsmyth@burr.com
Burr & Forman, LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**ATTORNEYS FOR DEFENDANT, ONEMAIN FINANCIAL GROUP, LLC**

Agreed to this 30th day of October, 2018.

*/s/Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Email: kaelyn@zieglerlawoffice.com
Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
Telephone: (727) 538-4188
Facsimile: (727) 362-4778

**ATTORNEY FOR PLAINTIFF, CIERRA WATKINS**

Dated and Entered: December 11, 2018

James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CIERRA WATKINS,** **CASE NO. 8:18-CV-02370-JSM-JSS**

**Plaintiff,**

**v.**

**ONEMAIN FINANCIAL GROUP, LLC,**

**Defendant.**
**_____________________________________/**

**AFFIRMATION**

The undersigned hereby affirms that the undersigned has read and understands the Confidentiality Agreement and Protective Order dated __________, 2018; is and hereby does become a party to such Confidentiality Agreement and Protective Order; and agrees to abide by the terms thereof. This affirmation and agreement is being made to induce the parties to said actions to make available to the undersigned certain items designated as "CONFIDENTIAL."

Done this ______ day of ___________, 20___.

_____________________________________
Name

_____________________________________
Signature